ALVAREZ, PLAINTIFF AND APPELLANT, *v.* QUILICHINI, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Cancellation of Mortgage.

No. 1487.—Decided June 21, 1916.

RECORD OF TITLE—PURCHASE OF PROPERTY—PUBLIC SALE—UNRECORDED PROPERTY.—The purchase at public auction of a property which is not recorded in the registry is subject to the risk that the owner may have sold or encumbered it; for its not being recorded in the registry does not prevent acts of alienation which are valid between the parties to them and also affect third persons when said acts are recorded in the registry.

ID. — MORTGAGE — UNRECORDED PROPERTY — PRIORITY OF RECORD — CAUTIONARY NOTICE.—When a mortgage is created on an unrecorded property prior to the execution of a deed of sale of the same, whether or not the purchaser knows of the creation of the said lien it is valid as to him if recorded before the deed of sale is recorded. It is immaterial that at the time the mortgage was recorded in the registry the title of the purchaser was referred to in a cautionary notice if such notice had expired; nor is the purchaser favored by the fact that the property was recorded in the name of the predecessor in title within the 120 days for which the cautionary notice runs, because that record cannot be considered as made in favor of the purchaser and as converting the cautionary notice into a final record.

ID.—CAUTIONARY NOTICE—FINAL RECORD.—When no final record is made within the 120 days prescribed by the Act of March 1, 1902, providing for appeals from the decisions of registrars of property, the cautionary notice is void; but, if the record is made within the said period, it has effect from the date of the cautionary notice, pursuant to article 70 of the Mortgage Law.

ID.—ID.—CURABLE DEFECT—INCURABLE DEFECT.—Curable defects in a record may be corrected at any time, but this is not the case when record is denied on account of incurable defects and a cautionary notice is entered for 120 days, for after the expiration of that time the cautionary notice is ineffective.

ID.—ID.—CANCELLATION OF MORTGAGE—NULLITY OF RECORD.—After the expiration of the 120 days during which a cautionary notice remains in force, the registrar should make the corresponding entry of cancellation; but the omission of that formality in connection with the routine of the registry does not bring about the nullity of a later record.

The facts are stated in the opinion.

*Messrs. Felíu & Alemañy* for the appellant.

*Mr. Alfredo Arnaldo* for the appellée.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiff, Emilio Alvarez López, from a judgment of the District Court of Mayagüez of February 15, 1916, dismissing the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The facts set up in the complaint, which we must accept as true in order to determine whether the demurrer on which the judgment was based was properly sustained, are as follows:

*First.* In an action brought and prosecuted by Emilio Alvarez López in the Municipal Court of San Germán against José Ceferino Alvarez, the former attached a rural property belonging to the latter containing forty *cuerdas* of land with a dwelling-house thereon situated in the ward of Arroyo, municipality of Sabana Grande, and in execution of the judgment rendered in the said action the attached property was sold at public auction on February 26, 1914, to the plaintiff, to whom the marshal executed the proper deed of conveyance before Notary Joaquín Nazario de Figueroa on the same day.

*Second.* As the property was not recorded in the registry

of property and as José Ceferino Alvarez possessed no recordable title of ownership, Emilio Alvarez López caused a cautionary notice of his title to be entered on March 12, 1914, in the Registry of Property of San Germán for a period of 120 days and allowed José Ceferino Alvarez to prosecute possessory title proceedings in his name. By virtue of said proceedings Ceferino Alvarez recorded the property in his own name on July 1, 1914, and Emilio Alvarez López recorded it in his name on September 21 of the same year.

*Third.* When Emilio Alvarez López acquired the property in question it was free of all liens and encumbrances, according to the registry and the information and belief of Alvarez López, but on or about September 10, 1914, the defendant in the present action, Vicente Quilichini y Ramírez, also caused to be recorded in the Registry of Property of San Germán a certain alleged mortgage, apparently created by José Ceferino Alvarez in his favor, for the sum of $648.22, due June 13, 1914, according to deed dated June 13, 1913, and executed before Attorney Miguel Juan Llaneras, of the existence of which the plaintiff had no notice, information or knowledge.

*Fourth.* When Vicente Quilichini recorded his said alleged mortgage in the registry of property he knew and had notice, by the cautionary notice in the registry of the deed of sale in favor of Emilio Alvarez López, as well as of his own personal knowledge and by information obtained, that the plaintiff had acquired the property under the conditions and circumstances stated and that it belonged to him.

The plaintiff further alleges that defendant Vicente Quilichini has already instituted summary foreclosure proceedings in the said court of Mayagüez for the recovery of the amount of the mortgage and that if the same be prosecuted to execution he will necessarily be forced to litigate with the purchaser at such sale, to suffer the loss and damage attendant upon a conveyance under such circumstances and also to lose the sum of money which he paid for the property,

and that he has not an efficient, adequate and speedy remedy for the avoidance of such consequences except by injunction.

The complaint concludes with a prayer that the mortgage created by José Ceferino Alvarez in favor of defendant Quilichini by the deed of June 13, 1913, and recorded in the Registry of Property of San Germán, be adjudged null and void in so far as concerns the plaintiff; that the record of the said mortgage be canceled; and that a temporary injunction be granted restraining the defendant, personally or through the agency of others, from doing any act to enforce the mortgage, the said injunction to be made permanent by final judgment.

The defendant demurred to the said complaint on the ground that it did not state facts sufficient to determine a cause of action and on February 15, 1916, the court sustained the demurrer and consequently dismissed the complaint with costs, expenses and attorney fees against the plaintiff. From that judgment the attorney for Emilio Alvarez López took the present appeal to this court.

The appellant bases his appeal on the ground that the court erred in sustaining the defendant's demurrer, in dismissing the complaint and in not granting him leave to amend his complaint.

In support of the first assignment of error the appellant contends that the mortgage created by José Ceferino Alvarez in favor of Vicente Quilichini y Ramírez by the deed of June 13, 1913, can have no legal force against him for the following reasons: (a) Because when the plaintiff purchased the said property by the public deed of February 26, 1914, it was free of all encumbrances, according to the registry, and therefore was unaffected by the mortgage in favor of Vicente Quilichini, which was recorded later; (b) because when on September 10, 1914, Quilichini recorded the mortgage in the registry he knew by the cautionary notice of plaintiff's title of ownership entered on March 12, 1914, and knew of his own personal knowledge and by information obtained, that

the property belonged to the plaintiff and had been acquired
by him free of encumbrances and Quilichini cannot be con-
sidered a third person; (c) because the purchase and sale
title having been noted in favor of the plaintiff and the defect
which originated the denial of admission to record, namely,
that the property was not recorded in the name of the grantor,
having been cured within the 120 days fixed by law when
the cautionary notice had not been canceled, it became con-
verted into a record having effect from the date of its entry,
according to article 70 of the Mortgage Law; (d) because the
cancellation of the cautionary notice of the plaintiff's title
was a prequisite to the validity of the record of the mort-
gage, and it is not alleged in the complaint that there was
such cancellation.

It is true that on February 26, 1914, when plaintiff Emilio
Alvarez acquired the property described in the complaint it
could not be affected by any encumbrance, according to the
registry, or, consequently, by the mortgage of Vicente Quili-
chini, because the property had not been recorded, but the
purchase by Emilio Alvarez under such circumstances sub-
jected him to the risk or contingency that José Ceferino Al-
varez might have sold or encumbered the property; for the
fact that the property was not recorded in the registry did not
prevent the owner from performing acts of conveyance, which,
of course, would be effective between the contracting parties
and also as to third persons if such acts were recorded in
the registry of property.

The mortgage deed in favor of Quilichini was executed
on June 13, 1913, or prior to the sale to Emilio Alvarez López,
and whether the latter knew of the creation of such encum-
brance or not, it was effective against him if recorded before
the sale of the property to Emilio Alvarez López free of
encumbrances was recorded.

It is immaterial that when Quilichini recorded his mort-
gage in the registry of property he knew by the cautionary
notice of the title of Emilio Alvarez López and of his own

personal knowledge that the property belonged to the plaintiff, for he must have known also by the said notice that the effects thereof could not extend beyond the 120 days prescribed by the Act of March 1, 1912, relating to appeals from the decisions of registrars of property.

The said period having elapsed without the entry of a final record, the cautionary notice became ineffective.

In the case of *Antonsanti* v. *Registrar of Property*, 9 P. R. R. 171, we said:

"The only purpose of cautionary notices made by registrars of property when they refuse the record or entry of any document, on account of incurable defects therein, in accordance with the act passed by the Legislative Assembly of this Island on May 1, 1902, on 'Appeals from decisions of registrars of property,' is to secure the rights of the persons interested in the record of entry of the document for the period of 120 days that it continues in effect, in order that if they are able to present a new deed within said period, or correct any obstacle which prevented the record of the previous one, they may record their rights, the effects of the record retroacting to the date of the cautionary notice."

The above doctrine was ratified later in the case of *Ramis et al.* v. *Registrar of Property*, 18 P. R. R. 74.

If plaintiff Emilio Alvarez López had recorded his title within the said period of 120 days, the cautionary notice of his right would not have become inoperative and, according to article 70 of the Mortgage Law, the said record would have been effective from the date of the entry of said notice. This he did not do and he must suffer the legal consequence of his tardy action. The fact that the property was recorded in the name of his grantor, José Ceferino Alvarez, within 120 days from the date of the entry of the cautionary notice does not favor Alvarez López, for it cannot be considered that by virtue of that record the property was recorded in in name of Alvarez López, thus converting the cautionary notice into a final record. It was necessary that the property be recorded in the name of Alvarez López and he so

understood when he recorded it in his own name after it was recorded in the name of his grantor.

Possessing, as Quilichini did, a mortgage lien whose validity is not questioned, having priority over the right of ownership acquired by Alvarez López, the former cannot be accused of attempting to injure the rights of Alvarez López by recording it, for his purpose was to prevent his own rights from being injured by Alvarez López. Each party had a right to record his title prior to the other and the one who first did so, Quilichini, should obtain the reward of his diligence. *Vigilantibus et non dormientibus jura sunt concessa.*

When a title is recorded with curable defects they may be corrected at any time; but this is not the case when the record is denied on the ground of incurable defects and a cautionary notice is entered for 120 days; for, as we have said, the notice becomes ineffective at the expiration of that time.

The record of the mortgage of Quilichini is not invalidated because it does not appear that the cautionary notice of the title of ownership of Emilio Alvarez López had been canceled, for so to hold would be equivalent to allowing the effects of the cautionary notice to remain in force beyond the statutory period.

"It being provided by law that the ineffectiveness (of the notice) is produced by the expiration of the time, this statutory provision cannot be subordinated to whether or not the proper note of cancellation is entered in the registry, nor does the existence or non-existence of the rights of third persons depend upon such formality, nor can an inoperative entry lacking essential force destroy the civil rights of a third person." Galindo, vol. 3, p. 111.

The registrar should make an entry cancelling the cautionary notice after the expiration of the 120 days during which it was effective, but the omission of that formality in connection with the routine of the registry cannot vitiate a later record like that of the mortgage in favor of Quilichini.

The second assignment of error is without foundation.

The appellant shows no reason why he should be granted leave to amend the complaint, nor does he state what are the new allegations by virtue of which it could be made to state a cause of action.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.